THE TRAVELERS INSURANCE COMPANY, a/k/a The Travelers Indemnity Company, Plaintiff-Appellee, v. HOLLAND FARMS, INC., *et al.*, Defendants-Appellants (Keith Nichols *et al.*, Defendants).

Third District  No. 3—86—0503

Opinion filed February 19, 1987.

Robert E. White, of White, Marsh & Mueller, of Ottawa, and Howard E. Gilbert & Associates, Ltd., of Chicago (Michael D. Richman, Howard Gilbert, and Alan Howarter, of counsel), for appellants.

George L. Herbolsheimer, of Herbolsheimer, Lannon, Henson, Duncan & Reagan, of La Salle, and Mark S. Litner, of Coffield, Ungaretti, Harris & Slavin, of Chicago (Kevin M. Flynn, of counsel), for appellee.

JUSTICE BARRY delivered the opinion of the court:

This is an interlocutory appeal from an order denying a motion for a stay of proceedings in a mortgage foreclosure action. Holland Farms, Inc., mortgagor, sought the stay under section 2—619(a)(3) of

the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(3)), which provides:

> "(a) Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds ***:
>
> * * *
>
> (3) That there is another action pending between the same parties for the same cause."

Holland alleged that The Travelers Insurance Company, the mortgagee, had filed an action in the Iowa District Court for Linn County to sue upon the same notes and to foreclose the same mortgages as are the subject of the case at bar.

To begin at the beginning, Holland owns six separate, noncontiguous tracts of farmland in Illinois totalling nearly 2,200 acres. These parcels are located in La Salle, Livingston, and Marshall counties. In addition, Holland owns a 150-acre parcel of farmland in Linn County, Iowa. In 1975 Holland borrowed $3,200,000 from Travelers and secured the loan with a mortgage on five of the Illinois tracts and the one Iowa tract. In 1978 Holland borrowed an additional $1,500,000 from Travelers and executed a second mortgage on the six tracts that were subject to the first mortgage and a first mortgage as to an additional Illinois tract. In 1980 an additional loan of $1 million was made by Travelers to Holland and was secured by a third mortgage on six tracts and a second mortgage on one tract, all being the same tracts previously mortgaged. In 1982 a final loan of $200,000 was made by Travelers, and Holland again executed mortgages on its farm property: a fourth mortgage on six tracts and a third mortgage on one tract. Each mortgage contained the following provision:

> "32. Mortgagor, for itself and all who may claim through or under it, waives any and all right to have the property and estates comprising the mortgaged property marshalled upon any foreclosure of the lien hereof and agrees that any court having jurisdiction to foreclose such lien may order the mortgaged property sold as an entirety."

On March 12, 1986, Travelers filed a complaint in the circuit court of La Salle County, Illinois, to foreclose the first, second, third, and fourth mortgages on the six Illinois tracts owned by Holland. On the same date Travelers also filed a petition in the Iowa District Court of Linn County to foreclose the mortgages on the Iowa tract owned by Holland. The Iowa petition prayed for "judgment in rem against the property involved in this action for the amount of the unpaid principal and interest" on each of the four notes.

Travelers sought appointment of a receiver in both the Iowa and the Illinois actions. A receiver was appointed in Iowa on March 21, 1986, and in Illinois on April 11, 1986, with each receiver to manage the property located in its respective State. On June 12, 1986, Holland filed its motion to stay the Illinois proceedings, alleging, *inter alia*, that the Iowa petition was filed first and the receiver was appointed first in the Iowa proceeding, that the Iowa action sought to collect the same notes and to foreclose the same mortgages as the Illinois action, that the Iowa petition sought a judgment *in rem* against the properties referred to in the four mortgages, that Travelers was limited to relief exclusively in the Iowa District Court of Linn County, and that the La Salle County action should be stayed or, in the alternative, dismissed. After the trial court denied the motion for a stay, this appeal was perfected.

Both in its brief and during argument before this court, Holland has made clear that its primary motive in seeking a stay is to allow Holland to ask the Iowa court to exercise jurisdiction over the Illinois property, as well as the Iowa land, and thereby give Holland a right of redemption under Iowa law as to all of the property. Holland waived its right of redemption in the mortgages; Illinois recognizes such a waiver, but Iowa does not.

It is not disputed that the total debt owing to Travelers is about $6 million and that the value of the Illinois farmland securing that debt has fallen to about $4 million in recent years. Travelers insists that it is not seeking a "double recovery," but rather anticipates a $2 million deficiency judgment in the Illinois proceeding which it will attempt to satisfy in part from the sale of the Iowa parcel.

Holland argues at length that the Iowa court can exercise equity jurisdiction to foreclose mortgages on premises located partially in Illinois. Holland relies upon cases involving railroad property such as *Muller v. Dows* (1876), 94 U.S. 444, 24 L. Ed. 207, and *Craft v. Indianapolis, Decatur & Western Ry. Co.* (1897), 166 Ill. 580, 46 N.E. 1132, in support of its position. As was noted by the Illinois Supreme Court in *Craft v. Indianapolis, Decatur & Western Ry. Co.*, a part of a railroad would be of little value when severed from the remainder, and so railroad property may be sold as a single parcel by any court having jurisdiction of the mortgagor. We do not dispute the validity of that principle of law, but we find it inapplicable to the case at bar.

Here, Travelers has not requested that the Illinois court exercise jurisdiction over the Iowa real property and similarly has not asked the Iowa court to assume jurisdiction over the Illinois property. The foreclosure petition in Iowa lists only the Iowa property and does not

describe the Illinois tracts. Although the mortgage instruments permit the property to be sold "as an entirety," such a unitary sale is not required. Thus, the only question before this court is whether the trial court abused its discretion in refusing to grant a stay, thereby permitting the foreclosure actions to proceed in both States.

■■ Section 48(1)(c) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 48(1)(c)), now section 2—619(a)(3) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(3)), was interpreted by the Illinois Supreme Court in *A. E. Staley Manufacturing Co. v. Swift & Co.* (1980), 84 Ill. 2d 245, 252-253, 419 N.E.2d 23, 27, as follows:

"The purpose of section 48(1)(c) is to avoid duplicative litigation [citations], and the trial court's analysis should be geared toward effectuating that purpose. Notwithstanding this policy, however, we do not believe that the legislature intended that the filing of a section 48(1)(c) motion should result in automatic dismissal or that two separate actions concerning the same subject matter could never proceed simultaneously. The more reasonable construction is that the circuit court possesses some degree of discretion in ruling upon the motion and that multiple actions in different jurisdictions, but arising out of the same operative facts, may be maintained where the circuit court, in a sound exercise of its discretion, determines that both actions should proceed [citation]."

■ Here the circuit court determined that Illinois land should be foreclosed upon pursuant to Illinois law. In the absence of any showing that the parcels would suffer a substantial loss in value if sold separately, we conclude that Holland has failed to demonstrate an abuse of discretion on the part of the trial court. Accordingly, we affirm the order denying a stay.

Affirmed.

STOUDER and WOMBACHER, JJ., concur.